■    In the Matter of HOLLY "E"*, a Child Under the Age of Eighteen Years Alleged to be a Permanently Neglected Child. WARREN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONNA "F"*, Appellant.— Appeal from an order of the Family Court of Warren County, entered October 23, 1973, which adjudged Holly "E" a permanently neglected child, terminated custody in appellant and awarded custody to petitioner. Born out of wedlock to appellant on December 29, 1967, Holly "E" has been in the care of a foster family since April 24, 1968, the date upon which she was committed to petitioner's care. On April 25, 1972, the present proceedings were commenced when a petition was filed with the Family Court, pursuant to article 6 of the Family Court Act, alleging that Holly was a permanently neglected child. After a fact-finding hearing (Family Ct. Act, § 622), the allegations of the petition were found to have been sustained by a preponderance of the evidence, and, at a subsequent dispositional hearing held on June 22, 1972 (Family Ct. Act, § 623), Holly was adjudged a permanently neglected child. The court ordered that judgment be suspended, however, (Family Ct. Act, §§ 631, 632) upon certain conditions which may be summarized as follows: (1) that appellant make regular monthly visits to Holly and to her two other children who are similarly in foster care; (2) that appellant provide support in the amount of $15 per week for these three children; (3) that appellant attend the Mental Health Clinic; and (4) that appellant consult with representatives of petitioner concerning future plans for the children. On August 8, 1973, another petition was filed with the court alleging that appellant violated each of the conditions set forth in the prior suspended judgment, and a hearing ensued. It was found that appellant "had not complied with even the minimal conditions established

* Fictitious names.

by the Court", and the order here appealed from was entered thereafter. Appellant first contends on this appeal that the conditions imposed upon her by the suspended judgment of June 22, 1972 were invalid, and this argument is not totally without merit. For example, the provision for support payments is at least not explicitly conditioned upon appellant's ability to pay, and it is questionable whether requirements as to her other two children have any relevance to the instant case. Furthermore, we find no clear authority for the provision that appellant attend the Mental Health Clinic (cf. 22 NYCRR 2505.1 [a]). Appellant's remaining arguments are not persuasive. Substantial evidence supports the court's determination that appellant violated the terms and conditions of the suspended judgment and, once these violations were established, it was incumbent upon the court to consider the best interests of the child in making its final disposition of the case (Family Ct. Act, § 623). Nor can we say on this record that the court erred in permanently terminating appellant's custodial rights. Holly is now almost six and one half years old, and she has spent all but the first four months of her life in foster care. Throughout this entire period there has been little indication that appellant could capably care for the child. Accordingly, even though some of the conditions imposed upon appellant were arguably invalid, we recognize the wide discretion of Family Court Judges (12 Zett-Edmonds-Buttrey-Kaufman, N. Y. Civ. Prac., § 2.03) their power to revise and modify a suspended judgment at any time (22 NYCRR 2505.1 [c]), and their primary obligation to consider first and foremost the welfare of the child, and, therefore, we would affirm the order of the Family Court. Order affirmed, without costs. Staley, Jr., J. P., Sweeney, Kane and Main, JJ., concur; Cooke, J., dissents and votes to remit in the following memorandum: Cooke, J. (dissenting). I dissent and vote to remit. Since the record does not contain findings of fact or minutes of the fact-finding hearing, it is insufficient for review.